Next case on the docket is People v. Corey Albertson, 515-0510. Counselor, ready? Good morning, Your Honor. May it please the Court and my colleagues in the State. My name is Ian Barnes from the Office of the State Appellate Defender. On behalf of the appellant, Mr. Corey Albertson. A fundamental component, Your Honors, of due process is the right to notice of the charges against you. The circuit court violated Mr. Albertson's right to due process notice of the charges against him when it's sua sponte found him guilty of the uncharged offense of aggravated assault, and on that basis this court should reverse the judgment of the circuit court and vacate that finding of guilt. Mr. Albertson, you have the floor.  Mr. Albertson's argument focuses solely on this first prong in that the factual allegations in his indictment did not set out that main outline or broad foundation of aggravated assault. What the Supreme Court said in Kennebrew was these phrases, main outline or broad foundation, mean we have to be able to look at the factual allegations in the indictment and infer the missing elements of the uncharged offense. So for Mr. Albertson's purposes, that means we have to be able to look at the indictment and answer a yes to the question of do the facts allow us to infer the elements of assault? Namely, did the victim, Anthony Campbell, have a reasonable apprehension of receiving a battery? It's worth mentioning that logically it's possible to have a battery without an assault, whether that's because the battery occurs so suddenly that you can't form the apprehension, the reasonable apprehension of receiving a battery, or it comes from a direction that you're not seeing, say from behind or the side or whatever the circumstances might be. So for Mr. Albertson's purposes, we have to ask, can we infer that reasonable apprehension of receiving a battery from the indictment, and the answer is no. The indictment charges that Mr. Albertson knowingly made physical contact of an insulting or provoking nature with Anthony Campbell in that the defendant pulled down the pants of Anthony Campbell without his consent, exposing his buttocks and visually examined with a flashlight the naked buttocks of Anthony Campbell while holding his pants down. You don't think from that the victim thought he could be assaulted? No, Your Honor, and there's a very specific reason why. Yeah, tell me that. The indictment doesn't contain facts. Well, aside from the indictment, if the court finds it's a lesser-included offense, tell me why that conduct, in and of itself, the conduct, that kind of outrageous conduct could not translate into an assault that was perceived by the victim. Well, because in order to be a lesser-included under the charging instrument, we have to infer that reasonable apprehension of receiving a battery from those factual allegations, not the trial evidence. And all those factual allegations have a – what is – The charging instrument test looks at whether or not the indictment – correct me if I'm wrong – is broad enough to have included the lesser-included offense of assault. Right, Your Honor, and what that means is the indictment has to contain facts which allow the inference of the missing elements for the uncharged offense. And on those facts in the indictment, what is missing is any facts that would support that Anthony Campbell knew the battery was coming. Well, just the unlawful touching would be a battery. Right. But as I said – This arrest and this stop was lawful? No, Your Honor, but that's not relevant to the question of whether an assault was alleged in the indictment. Well, they don't – as I understand the law, they don't have to allege an assault. It's whether or not the indictment is worded in such a way that you could – the court could infer that the elements of assault were included in the language. That's right, Your Honor, and what I – But our view is de novo, right? Yes. Okay. And what I would suggest to this court is what is missing are facts such as Mr. Albertson told him he was going to pull down his pants, that Anthony Campbell saw Mr. Albertson reaching for his pants, because for all we know, it happened from behind him. And if he can't see the battery coming, you can't have a reasonable apprehension. I know, but he was found guilty of assault, not battery. That's right, Your Honor, and the question is whether he was – He's probably right. That's perhaps why he was not found guilty of battery. Assault is a much lower – I shouldn't say lower fact pattern, but you don't – you have to – you have to have facts that would allow the court to infer an assault, right? And if somebody pulls down your pants on a public way with a flashlight at night, you don't think your officer got off pretty good with assault? No, respectfully, Your Honor, that's not the question. The question is – No, but I – you're right, but the question is you don't think that – and that was my question. That conduct, if you limit it just to the conduct of pulling down your pants unexpectedly at night on a public way with a flashlight, you don't think that that conduct alone could constitute an assault? No, Your Honor. If the person receiving – on the receiving end of that conduct doesn't have that reasonable apprehension, and what we need are facts that support that, and those facts don't exist in the indictment. All we have are facts that support the actual physical conduct – I'm sorry, physical contact. We don't have – and perhaps a useful analogy is to people versus kid, where the defendant was convicted of aggravated assault when he was charged with attempt murder, and the court said we can infer the elements of aggravated assault because the indictment alleges that the defendant pointed a weapon at the victim and pulled the trigger. That is a fact that sets out the element of a reasonable apprehension of receiving a battery. The victim witnessed the gun being pointed at him and the trigger being pulled. We don't have anything analogous to that here. All we have is the actual physical contact. Well, what about the – when the officer was facing Mr. Campbell? Your Honor, Alperson. I'm sorry? I'm sorry. What about when the officer was – the defendant, Mr. Alperson, was facing the defendant and had him pull up his shirt? Your Honor, are you referring to the trial evidence? Yes. So you were saying – if I understand right, you're saying that there's no reasonable apprehension because the officer was behind it. I'm saying the indictment doesn't allege facts that allow us to know and differentiate between whether it was a surprise or not. The facts and evidence at trial are a separate issue. That's the second prong of the charging instrument test. Once we decide, yes, the facts in the indictment allow us to infer the missing elements of assault, then we look at the trial evidence. Excuse me. Mr. Alperson's position is that we don't get to the second prong because we don't get past the first one. I see. And I understand your argument. And the trial evidence isn't relevant to that. Okay. I understand that. Thank you. I also just – with the remaining time I have, the rationale for the charging instrument test is important, and it's that it ensures that the parties are playing with a closed set of facts. Everyone is on notice what the possible charges are because the facts in the indictment set out the limits of what charges a defendant has to defend against. Mr. Alperson didn't get that opportunity. He didn't have notice that he had to defend against aggravated assault. And the important fact about that is it matters when it comes to how you question witnesses, how you argue. His defense counsel had no notice that he had to defend against aggravated assault. So when that comes to direct exam of his own client, cross-examination of the victim, he had no idea that he had to tailor his defense to more than just the battery. And that is a fundamental due process deprivation because Mr. Alperson is entitled to know what offenses he is facing prosecution for. What about in the indictment where it said knowingly made physical contact of an insulting or provoking nature? What's the difference between provoking nature and reasonable apprehension of harm? You don't think provoking constitutes some kind of apprehension element? No, Your Honor, because the apprehension comes before the contact. If the contact is insulting or provoking, that's one thing. But the apprehension is of the impending contact. Okay. You'll have a chance to respond. Thank you. Thank you. Ms. Keenan. May it please the Court. Counsel. Jennifer Camden on behalf of the people. With regard to the defendant's due process. I can't hear you, Ms. Camden. Oh, sorry. With regard to the defendant's due process argument, I want to note that the Supreme Court in the Canterbury case stated that the due process concerns are allayed and the defendant does have sufficient notice of an uncharged lesser offense if a missing element can be reasonably inferred from the allegations in the charging instrument. So these analyses do collapse together. And an examination of cases cited in the briefs shows how the outcome of the case does differ depending on the application of that idea, whether a lesser offense arises from the closed universe of facts alleged in the indictment. For instance, in Clark, the defendant was charged with committing crimes while armed with a handgun, and the Court held that he couldn't be convicted of committing those same crimes while not armed with a handgun because those acts were different from the act's charge. Either you do something with the gun or you do not. Whereas in Kidd, the defendant was charged with attempted murder. The indictment alleged that the defendant pointed a gun at the victim and pulled the trigger. The Court held that this aggravated assault charge would have been a lesser included offense because the act as charged set out the main outline of aggravated assault, pointing the gun at the victim and pulling the trigger. I'd also note that the charging instrument in Kidd did not include the allegation that the victim saw the gun pointed at him, only that the defendant pointed the gun at the victim. So there is some amount of an inference at play here, a hypothesis, if you will. And the question is whether the inference is reasonable. In Kidd, it was reasonable to infer that the victim was placed in reasonable apprehension of a battery based on the factual universe alleged in the indictment, which was that the defendant pointed a gun at the victim and pulled the trigger. It was reasonable to infer that the victim was thereby placed in apprehension. But the victim saw the gun. The victim saw the gun. That was the inference rather than – that was the inference, and the Court held that that was reasonable. I'd also point out the inferences involved in the Coltrane and Kennebrew cases. These were cases where the defendants were charged with predatory criminal sexual assault. The convictions, though, were for aggravated sexual abuse. The missing element in the charging instrument was that the sexual acts committed were committed for the purpose of sexual gratification. But the courts in those cases held that that inference was reasonable, that it was reasonable to presume that based on the content of the specific sexual acts charged in the charging instruments, it was reasonable to presume that the defendants committed those acts for the purpose of sexual gratification. Now, in those cases – That's a little bit different than – Well, there are a limited number of cases out there on these issues, and cited in the briefs, but I want to point out that whereas in this case, the defendant is noting correctly that the charging instrument didn't allege the specific fact that the victim saw the defendant reaching for his pants. Now, granted, if that allegation had been included in the charging instrument, that would support an inference of the element that the victim reasonably apprehended, the insulting or provoking conduct. But in Coltrane and Kennebrew, one can imagine factual allegations from which it could have been more directly inferred that the defendants in those cases acted for the purpose of sexual gratification. But the inference in that case, just as in this case, was still reasonable. A person can reasonably apprehend a physical contact that he or she perceives as beginning or feels as occurring. I think that from the charging instrument's allegation that the defendant lowered the victim's pants and held them down while examining him, it's certainly reasonable to infer that the victim was aware that that was happening. And from that inference, it's reasonable to presume that he reasonably apprehended insulting or provoking physical contact. Did he ask him to undo his belt, or did the officer undo his belt for him? The defendant, I believe, undid his own belt, but there was testimony that the officer instructed him to do that. I would agree, however, with the defendant's point today that for purposes of this first prong, our inquiry should be limited to the content of the indictment. Which the indictment limits us, I was incorrect, the indictment limits us only to the spot-off incident. That's also correct, Your Honor. So the indictment says the knowingly and in a provoking nature, which is consistent with battery statute, pulled down the pants of Anthony Campbell without his consent, exposing his buttocks and visually examined with a flashlight the naked buttocks of Anthony Campbell. Correct. I would note, Your Honor, that in the State's answer brief, the State argued reasonable apprehension in two different ways. First, the State suggested that the insulting or provoking contact actually did occur and was, in fact, the defendant's charged act of pulling down the pants and that the defendant was placed in reasonable apprehension of that actual battery because he perceived that it was happening. The State also suggested in the answer brief that these factual allegations carried with them the reasonable inference that the victim was thereby placed in reasonable apprehension of receiving a subsequent battery. In other words, that the victim was put in fear of what else might happen to him at the moment that the defendant performed these charged acts of going around to his back and lowering his pants and examining his body. And I note that the reply brief responds to this theory by saying that the State didn't allege that such subsequent battery occurred, and I'd point out that there need not have been a battery for them, for there to have been an assault because the assault would be complete if a person's placed in reasonable apprehension of that battery. I'd also point out that that second theory of reasonable apprehension did appear to be the one adopted by the circuit court, and I'd point to pages C-46 and 47 of the Record on Appeal in which the circuit court stated that where the defendant had Mr. Campbell hold up his clothing and then the defendant pulled down his pants, exposing his entire backside while inspecting the same with the flashlight, the defendant, at a minimum, placed Mr. Campbell in reasonable apprehension of a battery. Again, appearing to contemplate that the victim feared some additional physical contact that would have been insulting or provoking. I'd also note that the evidence supports that theory and that the victim did testify that he didn't know what was happening to him and that he did sense the defendant behind him at the time that this occurred, and that goes to the establishment of the second prong of the lesser-included offense analysis. Is that what the victim said, that he sensed the defendant? I don't think he used the word sensed. I don't think he used the word sensed. He felt that the defendant was close to his body, something like that. It's on pages C. Is there any question that he knew that the defendant was doing this to him? No, Your Honor. And, of course, this incident is captured on video, and the video is in the record. Right. The video kind of says it all. It does, and that's certainly what the circuit court said as far as the establishment of the second prong of the lesser-included offense analysis. I point that the circuit court's ruling on the first prong, that the offense was broadly outlined within the charging instrument, is on page C46 of the record in which the circuit court held that the inference was reasonable because the aggravated battery charge broadly defined aggravated assault. So for these reasons, and, well, actually in my, well, for these reasons and the reasons stated in the answer brief, we respectfully ask that this Court affirm. Thank you, Ms. Scanlon. Mr. Barnes. Thank you, Your Honor. I just want to make a couple quick points. I don't want to sound like a broken record, although I'm going to. But I just wanted to touch briefly on the video and just urge the Court to remember that that is not relevant to the first prong of the analysis here, regardless of how perhaps troubling that video might be. Secondly, I wanted to touch on the State's argument that the initial battery somehow caused an apprehension of a subsequent battery, and that still encounters the same problem. If we accept that argument, we say, well, the first initial contact caused an apprehension of, Campbell had an apprehension that he was going to receive another battery, a different battery. The indictment doesn't contain any allegations that would allow that inference either. And what I mean by that is, what is the basis for him believing that he was going to receive a subsequent battery? There isn't one in the indictment. It's just the initial contact, which is pulling down the pants. Subsequent batteries and the apprehension of those subsequent hypothetical batteries isn't present in the indictment. And it's one thing to make an inference like Colton where the inference was a strong one. When you have a defendant who's charged with committing an act of sexual penetration and you use that to infer the element of aggravated criminal sexual abuse, which is that it was done for the purposes of sexual gratification or arousal, there's a strong inference that if someone commits an act of sexual penetration, excuse me, that it was done for sexual gratification or arousal. That's not a stretch. But here we're talking about a person who, as I said earlier, received a battery, but you can receive a battery without having an assault. There are any number of ways that can happen. You can hit someone in the back of the head with a 2x4. You can punch them in the back of the head. They can be shot from 100 yards away. There are any number of ways you can receive a battery and not have an apprehension of that battery. And what we need in the indictment are facts that would allow that inference and not just for us to say and to speculate and say, well, if there's a battery, he was probably apprehensive. That's not enough. We have to look at what the indictment actually says and what the allegations are because what we're talking about when we talk about notice of the charges against a person is not what we probably think happened or what might have happened. A defendant has to know what he's actually charged with and what he's accused of doing so that he can actually defend against those charges. If you want to have no other further questions, I would just ask this Court to reverse the judgment of the circuit court and vacate Mr. Alderson's finding of guilt. Thank you. Okay. That will conclude the arguments in People v. Alderson. Thank you for your arguments and a disposition we'll issue in due course. Thank you very much.